## JOHN FAULKS v. MICHAEL BURNS.

The parties to a deed, in a case not affecting third persons, may by agreement cancel it, if it be not recorded; but the party destroying the instrument must in all cases show his authority for so doing.

THE bill states, that on or about the 29th of September, 1836, the defendant, being seized in fee of a lot of land in Elizabeth-Town, agreed to sell the same to the complainant for four hundred dollars. That the lot was conveyed by Elihu J. Crane and wife to the defendant, by deed dated on or about the 16th of May, 1836. That the defendant, through his agent, Sylvanus Hoyt, proposed to the complainant, that the deed from Crane and wife to the defendant, not having been recorded, should be delivered up to the complainant, and that a deed should be executed from Crane to the complainant; to which arrangement the complainant assented. This agreement having been made known by the defendant, or his agent Sylvanus Hoyt, to Crane, the said Crane and wife, by deed dated the 29th of September, 1836, conveyed the said lot in fee to the complainant. That the last mentioned deed was duly executed and acknowledged by Crane and wife, and by them delivered to the complainant, and at the same time the defendant, through his agent Hoyt, delivered to complainant the deed from Crane and wife to the complainant; and upon the delivery of said deeds the complainant paid the purchase money, (which was a full consideration for the premises,) and entered into possession, and still remains in the actual possession of the said premises, and has erected improvements thereon to the value of five hundred dollars. The bill further states, that the defendant has commenced an action of ejectment against the complainant in the supreme court, for the recovery of the premises; and prays an injunction to restrain the defendant from proceeding at law to recover the premises, and also that the defendant may be decreed to execute to the complainant such conveyance as may be requisite to perfect his title to the premises.

The defendant, by his answer, admits that he became seized of the premises in question as stated in the complainant's bill, and that his deed had not been recorded. That Hoyt called on him, urged him to sell, and stated that he could procure a purchaser for the premises at four hundred and twenty-five dollars; and that the defendant agreed that if Hoyt would obtain a purchaser at that price, he, the defendant, would execute a deed for the premises. That the deed from Crane to the defendant for the premises, was placed in Hoyt's hands, as evidence to persons wishing to purchase, of the defendant's title, and for no other purpose. The answer expressly denies that Hoyt was the agent of the defendant, that he was ever authorized to deliver a deed for the premises or to receive the purchase money, or that he had any authority from him except to find a purchaser for the premises at four hundred and twenty-five dollars. It also denies that the defendant ever informed Elihu J. Crane, either personally or by agent, of any such agreement as is alleged in the complainant's bill, or that he ever requested Crane to execute a deed to the complainant; that he ever received the purchase money for the premises, or consented that the complainant should take possession thereof or make improvements thereon. The answer states that the deed from Crane to the defendant was cancelled without his authority, knowledge or consent, insists that his title cannot thereby be divested, and admits that an ejectment has been commenced for the recovery of the premises.

The cause was heard upon the bill, answer, replication and proofs.

*B. Williamson* and *S. Scudder*, for complainant.

*F. B. Chetwood*, for defendant.

The Chancellor. In the year 1836, during the rage for speculation in building lots, the defendant made a purchase of a lot in Elizabeth-Town. The deed was never recorded. The bill charges, that during the same year the complainant pur-

[Faulks v. Burns.]

chased this same lot of Sylvanus Hoyt, the agent of the defendant, who cancelled the deed made to the defendant, and got the grantors to make the conveyance directly to him. The answer admits that the defendant was called on by Hoyt, and informed that he could procure a purchaser for the lot, and that he let him take the deed for the purpose of satisfying any person desirous of purchasing that he had the title ; but it is denied that he was authorized to make a sale of the premises, or to cause the defendant's deed to be cancelled. The defendant brought an ejectment in the supreme court to recover the possession of this lot, and upon the filing of this bill an injunction was issued, which is still in force, restraining the defendant from further proceeding in that suit, and from instituting any other suit for the same object. The complainant now seeks to have that injunction made perpetual.

There can be no doubt that the parties to a deed, in a case not affecting third persons, may by agreement cancel it if it be not recorded. This may in some cases become necessary to correct some mistake, or to prevent wrong being done ; but such course is not advisable, as the party destroying the instrument must in all cases show his authority for so doing.

. The only question here is as to the authority of Hoyt. If he was authorized, as the complainant charges he was, his acts bind his principal ; if not, the whole transaction is void and a fraud on the defendant. The evidence is all on one side ; the defendant resting his case alone on the insufficiency of the complainant's evidence.

Thomas Gibbons Trumbull testifies, that he sold the premises to the defendant : that the contract was made with Hoyt for him. He never had any deed himself, but the legal title was in Elihu J. Crane, who made the deed. Charles Odling testifies, that Hoyt was much engaged at Elizabeth-Town in the buying and selling of lots. That he went to the city of New-York with the complainant after the defendant had commenced his ejectment suit, and stopped at defendant's. On that occasion the defendant said Hoyt was his agent in Elizabeth-Town : that he had bought

the property and sold it to the complainant, and had got the money, and that he could not get it of him : that if he could not get the money of Hoyt he would get it of complainant. They were speaking of the lot in question in this suit. Elihu J. Crane testifies, that he first made a deed to defendant for part of the premises involved in this cause, at the request of Mr. Trumbull and Mr. Hoyt ; afterwards, at their instance, that deed was cancelled, and a new one made to the defendant for the whole premises; and afterwards, at the instance of Mr. Hoyt, this deed was cancelled and a new one made to the complainant. This was done, as Hoyt stated, to save the trouble of going to the defendant who lived in New-York. The defendant afterwards told the witness that he had received twenty-five dollars from Hoyt on the sale made the complainant, as the profits. Jacob G. Crane testifies that the complainant, since his purchase, has put buildings on the premises to the value of three or four hundred dollars : that Hoyt was a large dealer and speculator in lots at Elizabeth-Town, and bought and sold extensively for people in New-York. William H. Price testifies, that he was at the defendant's, who keeps an oyster-house in New-York, with Elihu J. Crane. The conversation came up respecting the deeds involved in this case. Crane asked the defendant if he had received any money from Hoyt ; he said he had received twenty-five dollars as a premium for the lots he sold complainant. The defendant further stated, that Hoyt had wanted to be his agent in buying some property on the hill at Elizabeth-Town, but that he had been caught in the trap once and he did not want him to get him into another ; that he had got the upper hand of him once, and he did not want him to do it again.

From this evidence, uncontradicted as it is, the agency of Hoyt in this transaction is fully made out. The evidence shows further, that Hoyt received the money on this sale, and has become embarrassed in his circumstances. The defendant has probably suffered by trusting to Hoyt, which has occasioned this whole difficulty. Some objections were stated to the competency of Elihu J. Crane, but the evidence is so full without his testimony

[Faulks v. Burns.]

that it is unnecessary to examine into them. As the complainant has now a deed which conveys to him the legal title, the only relief he can want is to make the injunction perpetual. Such decree will accordingly be made, with costs.

Injunction perpetual, with costs.